IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHRISTINE WHITE, et al.                                                                    PLAINTIFFS

V.                                                      CIVIL ACTION NO.: 3:09cv120-DPJ-FKB

MALCOLM E. MCMILLIN, et al.                                                        DEFENDANTS

ORDER

This § 1983 case is before the Court on Defendants' Motion for Summary Judgment [31]. Plaintiffs did not respond, but instead filed a Motion [36] seeking additional discovery in accordance with Rule 56(f) of the Federal Rules of Civil Procedure.[1]  Plaintiffs also filed a Motion to Amend [40] their Complaint.  The Court, having fully considered the premises, finds that the Rule 56(f) motion should be granted, while Plaintiffs' Motion to Amend the Complaint should be denied without prejudice.

I.        FACTS AND PROCEDURAL HISTORY

As the Court noted in its July 2, 2010 Order [27], certain facts—as alleged by White—have not yet been disputed.  In April 2007, Jackson Police arrested Plaintiff Christine White and took her to the Hinds County Detention Center ("HCDC").  Upon arrival, White complained of vaginal spotting and feeling ill and was transported to the University of Mississippi Medical Center ("UMMC") where she was diagnosed as pregnant with twins and suffering from a urinary tract infection.  She was prescribed medication and returned to HCDC, though she claims she never received the prescribed medication.  Over the next two months,

---

[1] Although Rule 56 was amended effective December 1, 2010, "[t]he standard for granting summary judgment remains unchanged," and "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)."  Fed. R. Civ. P. 56 advisory committee's note.  For convenience and conformity with the pleadings, the Court will refer to the prior rule number.

White suffered several episodes of abdominal cramping and vaginal bleeding. She alleges that she was returned to UMMC once and that other requests were ignored.

According to White, she woke the morning of June 6, 2007, to find her bed covered in blood. She was doubled over in pain. White contends that guards then ignored her request for medical attention and instead directed her to "sit on the toilet and try to use the bathroom." Pls.' Response [10] Ex. B, White Aff. ¶ 8. Shortly thereafter, White miscarried, delivering her stillborn babies into the toilet. White avers that Guards then instructed her cellmate, Yolanda Banks, to flush the fetuses down the toilet, and when that failed, instructed Banks to dispose of the fetuses in the trash. Nearly two hours later, White was transported to Central Mississippi Medical Center by ambulance where doctors "verified that [White] had suffered an incomplete abortion." *Id.* She received treatment and was returned to HCDC.

White, the father of her deceased fetuses, Christopher Wallace, and White's other children originally sued Hinds County and Sheriff Malcolm McMillin, individually and in his official capacity, in the Circuit Court of Hinds County on December 4, 2008. Plaintiffs also included as Defendants John Does 1–10. McMillin and Hinds County removed the case under 28 U.S.C. § 1441, asserting federal question jurisdiction. In April 2009, McMillin moved to stay the proceedings on the basis of qualified immunity and sought summary judgment. The Court granted the stay, and Plaintiffs responded with a Rule 56(f) Motion, which the Court also granted. Ultimately the Court granted McMillin's Motion for Summary Judgment as to Plaintiffs' individual-capacity claims and lifted the stay. *See* Order [27] July 2, 2010.

On August 19—five days before the magistrate judge entered a Case Management Order—the County moved for summary judgment on all remaining claims. Plaintiffs responded

by filing a second Rule 56(f) Motion and two weeks later filed their Motion to Amend. Finally, on December 17, 2010, Plaintiffs filed Motions [44, 45] urging the Court to stay discovery until the Court ruled on the Rule 56(f) Motion and to otherwise extend deadlines. The Court granted those Motions with a text order indicating that new deadlines would be established after this ruling.

II.     STANDARDS OF REVIEW

   A.     Rule 56

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). But Rule 56(c)(1)(A) allows a party to move for summary judgment "at any time." And it is well established in the Fifth Circuit that "Rule 56 does not require that any discovery take place before summary judgment can be granted." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Nevertheless, Rule 56(f) provides a safe harbor for nonmovants who can demonstrate that discovery is necessary to produce affidavits or other evidence in compliance with Rule 56(e).

Although Rule 56(f) motions "are broadly favored and should be liberally granted," *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006), "[t]he decision to grant or deny a Rule 56(f) motion is within the sound discretion of the district court," *Johnson v. Hinds Cnty.,*

*Miss.*, 237 F.3d 632, at *1 (5th Cir. 2000) (unpublished table decision).  To obtain relief under Rule 56(f), "the opposing party must demonstrate how the additional time will enable him to rebut the movant's allegations of no genuine issue of material fact."  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994).  Stated differently, the "nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts."  *Washington*, 901 F.2d at 1285 (affirming denial of Rule 56(f) motion); *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (same).  "Rather, a request to stay summary judgment under Rule 56(f) must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."  *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citations and quotations omitted).

      B.      Rule 15(a)

When a plaintiff seeks to amend her complaint more than 21 days after serving it, she may do so "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  But "[t]he court should freely give leave when justice so requires."  *Id.*  While "the grant or denial of an opportunity to amend is within the discretion of the District Court," the Supreme Court has held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  That is, because Rule 15(a) "evinces a bias in favor of granting leave to amend . . . [a] district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citations omitted).  In this case, the parties primarily dispute whether the amendment would be futile due to the applicable statues of limitations.

III.    ANALYSIS

    A.    Defendants' Motion for Summary Judgment and Plaintiffs' Rule 56(f) Motion

        1.    Procedural Arguments

Discovery motions are "broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citations omitted).  Here, Plaintiffs' Rule 56(f) Motion was procedurally sufficient because they provided an affidavit setting "forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id*.  While Defendants highlight some of the less specific language in the Motion, other sections provide sufficient detail to satisfy this requirement.

Defendants also contend that the Motion fails because Plaintiffs were dilatory.  The argument is easily rejected because Defendants moved for summary judgment before they served pre-discovery disclosures and before the case-management conference—*i.e*., before the discovery deadline was even set.  *See Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006) (finding abuse of discretion in denial of Rule 56(f) motion where plaintiff conducted some discovery before deadline).

    2.  Scope of Discovery

Defendants' more plausible argument is that Plaintiffs have already conducted necessary discovery. Defendants' Motion for Summary Judgment correctly notes that there is no respondeat superior liability under § 1983 and that Plaintiffs must demonstrate a custom or policy in order to recover against a municipality. Def.'s Mot. [31] at 2. They further note that Plaintiffs were granted leave to conduct discovery regarding the County's policies and customs before responding to Defendant Malcolm McMillin's Motion for Summary Judgment based on qualified immunity. But discovery regarding qualified immunity and discovery necessary to respond to the pending motion are not coterminous.

Defendants contend that the Court's Order granting qualified immunity essentially ruled on the issues they now press. But when the Court granted Defendant McMillin qualified immunity, it did so because Plaintiffs presented "no evidence suggesting that *McMillin* was aware of White's serious medical needs," and no evidence that he was aware of "any custom or policy of guards ignoring the HCDC's official health related policies." Order [27] July 2, 2010 at 8 (emphasis added). In other words, McMillin lacked personal knowledge sufficient to establish deliberate indifference on his part. *Id*. Regarding the adequacy of the County's policies and training, Defendants now contend that the Court has already ruled that they comply with all constitutional requirements. Defs.' Mem. [30] at 7–8. But the Court skipped that step in the qualified-immunity analysis and instead held that *McMillin* acted with objective reasonableness. Order [27] July 2, 2010 at 8.

The question now is whether the County—not McMillin—promulgated unconstitutional policies or had "[a]ctual or constructive knowledge of [a] custom . . . attributable to the

6

governing body of the municipality or to an official to whom that body has delegated policy-making authority." *Webster v. City of Hous.*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc). Significant to this discussion, McMillin testified that he delegated policy-making authority. Plaintiffs are entitled to discovery on the issues raised in Defendants' Motion regarding the § 1983 claim before they must respond to it. Plaintiffs are likewise entitled to discovery on their state-law claims because the qualified-immunity discovery regarding Defendant McMillin was not directly applicable to those claims. Plaintiffs will be allowed to conduct the discovery outlined in their Motion.[2]

Finally, although the Motion for Summary Judgment was premature, the Court acknowledges that the various motions were not promptly addressed due to oversight. The Court anticipates that the additional discovery may alter Defendants' position, rendering the current Motion stale. The Motion for Summary Judgment is therefore denied without prejudice to Defendants' right to reurge the issues after appropriate discovery.

B. Plaintiffs' Motion to Amend

In their original Complaint, Plaintiffs identified John Does 1–10 as "individuals whose wrongful conduct caused or contributed to the injuries and damages of the plaintiffs." Notice of Removal [1] Ex. A, Pls.' State Ct. Compl. ¶ 6. They further noted that "[t]he specific identities of John Does 1–10 are unknown to the Plaintiffs at this time, but will be identified upon

---

[2]As discussed below, the parties are ordered to conduct a case-management conference with Judge Ball. During that meeting, they must develop a discovery plan and, to the extent possible, explore with Judge Ball any potential disagreements regarding the scope of discovery going forward.

discovery of the true identity of each defendant." *Id.* Plaintiffs now seek to add the following named defendants under Rule 15:

- Major Ruth Wyatt, medical director for HCDC;
- Richard Van Egmond, training director for HCDC;
- Captain Ruth Callahan;
- Deputy Jacqueline Jones;
- Deputy Sheila White;
- Deputy Angela Branch;
- Sergeant Frances Mitchell;
- Nurse Delores Warden;
- Nurse Paulette McDowell;
- Nurse Michael White;
- Nurse Belinda Jones; and
- Nurse Mikembe Harris.

Defendants argue that amendment should be denied as futile because the statutes of limitations on Plaintiffs' federal and state claims have expired. The argument raises two issues. First, should the Court toll the statutes of limitations pursuant to section 15-1-57 of the Mississippi Code for the period during which the Court stayed discovery of issues other than qualified immunity. If not, do the claims relate back under Federal Rule of Civil Procedure 15(c) or its state counterpart, Mississippi Rule of Civil Procedure 15(c).

   1. Tolling

The statute of limitations in a § 1983 suit is that provided by the forum State for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Thus, Plaintiffs' federal claims are governed by Mississippi's three-year general-limitations statute. *See* Miss. Code Ann. § 15-1-49 (2010). Because Plaintiffs' claims accrued on June 6, 2007, the limitations period for the § 1983 claims would have expired on June 6, 2010. Their state-law claims would have limitations periods of no more than three years. Thus Plaintiffs' September 16, 2010 Motion appears untimely on its face. But Plaintiffs argue in reply that the qualified-immunity

stay granted by the Court prevented discovery of the facts necessary to amend their Complaint and therefore tolled the limitations period for 444 days.

State law generally governs appropriate tolling periods. *Wallace*, 549 U.S. at 394. In this case, Plaintiffs rely on section 15-1-57, which states:

> Where any person shall be prohibited by law, or restrained or enjoined by order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter from the commencement of such action.

Before examining the statute, it is important to place it in the factual context of this case. On April 14, 2009, the Magistrate Judge entered a text order granting Defendants' Motion to Stay [6], stating that "[a]ll discovery except that related to the qualified immunity defense is stayed pending a ruling by the district judge on the motion for summary judgment." Significant to this analysis, the stay was limited to certain discovery issues and had no impact on the parties' ability to file pleadings. The order was consistent with the local rules then in effect. *See* L.U. Civ. R. 16(b)(3) (2009).

Plaintiffs did not provide, and the Court's research did not reveal, any binding authority applying section 15-1-57 in this context. Thus, the Court must make an *Erie* guess and discern the intent of the Mississippi Legislature. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). In doing so, the Court follows the Mississippi rules of construction. *Id.* "It is our duty to interpret the statutes enacted by the Legislature, and to neither broaden nor restrict the legislative act." *Miss. Dep't of Transp. v. Allred*, 928 So. 2d 152, 156 (Miss. 2006). "Whatever the Legislature says in the text of the statute is considered the best evidence of the legislative intent." *Id.* at 155.

9

Looking first to the plain language of the statute, it is not apparent that it applies as Plaintiffs suggest. The statute allows tolling when a person is "prohibited by law, or restrained or enjoined by order" from "commencing or prosecuting any action or remedy." *Id*. The magistrate judge's stay did not "prohibit" or "enjoin" Plaintiffs from "commencing or prosecuting any action or remedy." But did it "restrain" them from doing so?

The definition of "restrain" is less concrete than "prohibit" or "enjoin." In its most relevant context, Black's Law Dictionary defines "restrain[]" as " prohibition of action," which is obviously consistent with the other terms found section 15-1-57. *Black's Law Dictionary* 1429 (9th ed. 2009). Webster likewise defines the term as "to hold . . . back from some action, procedure, or course; prevent from doing something." *Webster's Third New International Dictionary* 1936 (1981). But it also includes "to moderate or limit the force, effect, development, or full exercise of." *Id*. Thus, if the statute is read to toll when a court order limits a party's full exercise of his ability to prosecute his claim, then it might support Plaintiffs' position. But if it means that the order must prohibit the commencement or prosecution, then the stay is not sufficient to toll because it merely precluded certain discovery.

Although ambiguity may exist, "[a]ssociated words take their meaning from one another under the doctrine of 'noscitur a sociis', the philosophy of which is that the meaning of a doubtful word may be ascertained by reference to words associated with it." *State Farm Ins. Co. v. Gay*, 526 So. 2d 534, 537 (Miss. 1988) (citation omitted). Here, it is not surprising that the legislature would use the word "prohibit[]" when discussing laws and "restrain[]" when discussing an order. Miss. Code Ann. § 15-1-57 (tolling where party "prohibited by law, or restrained or enjoined by order"). But the statute would make no sense if those terms carried

10

differing levels of preclusion when applied to laws and orders. Thus, whether the party faces a law or order, it must prohibit prosecution to toll. Although there are no Mississippi cases on point, the statute seems to have been interpreted consistent with this analysis.[3]

Parties have successfully employed section 15-1-57 when completely precluded from initiating suit. *See*, *e.g.*, *Long v. Mem'l Hosp. at Gulfport*, 969 So. 2d 35, 37 (Miss. 2007) (finding that plaintiffs were "restrained" from suing defendant previously identified as a John Doe where John Doe defendants were dismissed and order granting interlocutory appeal stayed proceedings with express tolling of statute of limitations); *Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274, 1276 (Miss. 2006) (tolling statute during 60-day notice period required for medical-malpractice claims); *Floyd v. Childs*, No. 4:92CV270-S, 1996 WL 407574, at *1 (N.D. Miss. May 14, 1996) (tolling statute during period where "cause was formally stayed by order of the court").

But the Mississippi Supreme Court has frequently rejected efforts to utilize section 15-1-57 when plaintiffs' efforts to commence action are merely frustrated. *See*, *e.g.*, *Chimento v. Fuller*, 965 So. 2d 668, 675–76 (Miss. 2007) (reversing trial court's decision to toll where injunction was granted as to one disputed promissory note but did not affect plaintiff's ability to pursue second disputed note); *Grant v. Miss.*, 686 So. 2d 1078, 1083–84 (Miss. 1996) (refusing to toll when state statute merely precluded recovery) (citing *White v. White*, 601 So. 2d 864, 865 (Miss. 1992) (refusing to toll when state-common law merely precluded recovery)); *Townsend v.*

---

[3]In making its *Erie* guess, the Court considered, to the extent available, the sources listed in *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 199 (5th Cir. 2006). *See also Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998) (Where no dispositive decisions exist, federal courts applying Mississippi law look first to "decisions of the Mississippi Supreme Court in analogous cases.").

*Estate of Gilbert*, 616 So. 2d 333, 336 (Miss. 1993) (holding that section 15-1-57 did not toll statute of limitations where another suit stemming from same accident was on direct appeal); *see also Funderburg v. Pontotoc Elec. Power Ass'n*, 6 So. 3d 439, 443 (Miss. Ct. App. 2009) (finding no basis to toll when plaintiffs were not parties to initial suit); *Kozam v. Emerson Elec. Co.*, No. EC 87-313-D-D, 1988 WL 163052, at *2 (N.D. Miss. May 31, 1988) (refusing to toll despite EEOC's apparent advice that plaintiff could not bring § 1981 claim while Title VII charges were pending).

Both *Grant* and *White* dealt with plaintiffs whose claims could not have prevailed under existing law. The court nevertheless refused to toll as explained in *Grant*:

> [Section] 15-1-57 of Miss. Code Ann. only applies where a plaintiff is personally prohibited or restrained from bringing suit. *It speaks in terms of a person being prohibited by law from bringing suit.* The statute was enacted to protect those who are *disabled to sue at all*, not a rule that says they will lose if they bring suit. . . . There can be no tolling of the statute of limitations unless the person is personally prohibited from bringing suit.

686 So. 2d at 1084 (emphasis added) (citing *White*, 601 So. 2d at 865 (holding that statute speaks of "a 'person' prohibited by law")). The context of these cases is obviously different than the present case. But there are no Mississippi cases on point, and the Court may form an *Erie* guess on analogous cases, analyses of related issues, and dicta from the Mississippi Supreme Court. *Hodges*, 474 F.3d at 199.

The district court in *Carnes v. Kentucky Central Life Insurance Co.* applied *Grant* and *White* to facts similar to those presented. No. 1:92CV312-S-D, 1998 WL 378389 (N.D. Miss. Apr. 2, 1998). There, the plaintiffs named a Kentucky insurance company as the sole defendant. The district court entered an order "staying all proceedings" pending adjudication of the claims by the Kentucky Commissioner of Insurance. *Id.* at *1. The plaintiffs thereafter amended the

12

complaint with leave to add a new defendant, but the district court dismissed the action, holding that section 15-1-57 did not apply:

> The Mississippi statute at issue provides a tolling of the statute of limitations when "any court in this state" prohibits by order the prosecuting of a cause.  In interpreting its "saving statute," the Mississippi Supreme Court holds that § 15-1-57 only applies where a plaintiff is personally prohibited or restrained from bringing suit.  The plaintiff was not at any time prohibited by the Kentucky court or the district court in bringing suit against [the newly added defendants].  The stay applied to the insurance company and not to any unnamed defendants.

*Id*. at *2 (internal citations omitted).

The stay in this case merely precluded discovery of issues unrelated to qualified immunity.  The stay had no impact on Plaintiffs' ability to file a motion to amend or any other motion they deemed necessary to facilitate the filing of a timely amended complaint.  The stay likewise did not prohibit informal investigation that might have identified some of the new defendants.  Along these lines, defendants are normally identified before suits are filed and discovery is commenced.  And Defendants' response to Plaintiffs' written discovery during the stay identified all of the individuals Plaintiffs now wish to sue.  Those disclosures occurred in December 2010—seven months before the statute of limitations expired.  The stay and Defendants' objections based on the stay certainly frustrated Plaintiffs' efforts to identify these individuals.  But they ultimately obtained the information, and the Court cannot say that they were prohibited to the extent necessary to trigger section 15-1-57.

Because tolling does not apply, the Court must consider Plaintiffs' original argument that the amended complaint would relate back under Rule 15.

B. Relation Back

Federal Rule of Civil Procedure 15(c)(1)(C) provides that an amendment relates back when:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a *mistake* concerning the proper party's identity.

(Emphasis added.) Defendants argue that Plaintiffs have failed to demonstrate a mistake, citing *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). Although *Jacobsen* does not address amendments to add previously unnamed defendants—as opposed to substituted John Doe defendants—it contemplates the need to show notice and a mistake in pleading, neither of which are apparent in this case.

The inquiry is not, however, complete. Defendants further argue that no relief is available under Rule 15(c)(1)(a). That rule provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(a). The advisory committee notes clarify this rule, explaining that "whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." Fed. R. Civ. P. 15(c)(1)(a) advisory committee note. In this case, state law provides the relevant limitations period for Plaintiffs' § 1983 and state-law

claims. *Wallace*, 549 U.S. at 387.  Thus, the Court must examine Rule 15 of the Mississippi Rules of Civil Procedure.

Relation back of Plaintiffs' state-law claims is governed by Mississippi Rule of Civil Procedure 15(c).  Generally, that Rule allows "[a]n amendment changing the party against whom a claim is asserted" to relate back so long as (1) it arises from "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"; (2) within 120 days of filing the complaint "the party to be brought in by amendment" received notice of the action such that he "will not be prejudiced"; and (3) the party to be brought in "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [him]."  Miss. R. Civ. P. 15(c)(1)–(2).  But the rule also provides a John Doe defendant exception, explaining that "[a]n amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading."  *Id.* 15(c)(2).  Under Rule 9(h):

> When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.

Here, Plaintiffs' state-court Complaint clearly states: "The specific identities of John Does 1–10 are unknown to the Plaintiffs at this time, but will be identified, upon discovery of the true identity of each defendant."  Notice of Removal [1] Ex. A, Pls.' State Ct. Compl. ¶ 6.  But Defendants argue the proposed amended complaint fails to meet the standard for Rule 9(h) because it does not actually "substitute" new defendants, it merely adds the named defendants while retaining the John Does.

Defendants' position finds support in *Wilner v. White*, where the Mississippi Supreme Court held:

> In order for Rule 9(h) to apply, there must be a substitution of a true party name for a fictitious one. However, this is not the case here. Wilner did name four "John Doe" defendants in his original complaint, but did not substitute White's name for a "John Doe," but simply added White's name. The four "John Does" remained as named defendants in the amended complaint. This is an improper substitution of parties under 9(h) according to our decision in *Doe v. Miss. Blood Servs., Inc.*, 704 So. 2d 1016, 1018 (Miss. 1997).

929 So. 2d 315, 322 (Miss. 2006). Although a technical distinction, it does not appear that Plaintiffs' proposed amended complaint substitutes the new defendants for the original John Does. *Wilner* therefore blocks their efforts to file it.

Because the matter does not toll and the proposed amended complaint would not relate back, the Court finds that the proposed amended complaint is futile and that the Motion to Amend should be denied.

III.     Conclusion

For the reasons stated, Defendants' Motion for Summary Judgment [31] is denied without prejudice, Plaintiffs' Rule 56(f) Motion [36] is granted, and Plaintiffs' Motion to Amend [40] is denied without prejudice. Because the case jumped off track at an early stage, and because of the various procedural issues, the parties are instructed to set the matter for an in-person case-management conference at which point the Magistrate Judge will enter an amended case-management order.

**SO ORDERED AND ADJUDGED** this the 11th day of August, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE